IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ALBERT TAYLOR, | ) |
| Plaintiff, | ) 4:03cv3124 |
| vs. | ) MEMORANDUM AND ORDER |
| RAYMOND EDELMAN, et al., | ) |
| Defendants. | ) |

This matter is before the court after the pretrial conference held on September 30, 2005, and in preparation for the trial of this matter scheduled to begin on October 31, 2005 at 9:00 a.m. before the Honorable Richard G. Kopf, United States District Judge. The plaintiff, Joseph Albert Taylor, a prisoner, brought this action against employees of the Nebraska Department of Correctional Services ("DCS"), alleging that he suffered injury in an incident of excessive force instigated by defendant-Raymond Edelman in retaliation for the plaintiff's rejection of an alleged sexual advance.

### Exhibits 28 and 29

At the pretrial conference, the plaintiff asked the defendants to produce exhibits 28 and 29 listed in the Pretrial Order exhibit list, i.e., a "come-along chain" and "leg restraints" similar to those which the plaintiff was wearing at the time of the incident of alleged excessive force. The plaintiff's request was in the nature of a motion to compel production of "tangible things," which are discoverable within the meaning of Fed. R. Civ. P. 34. The plaintiff wishes to use the chain and leg restraints as demonstrative evidence at trial, to demonstrate, for example, that he lacked any ability to kick or assault any of the defendants at the time of the incident or to protect himself from attack.

The defendants have resisted production of the "come-along chain" and "leg restraints," although for reasons which are not entirely clear. If the defendants object to production of those things directly to the plaintiff, in his cell, their point is well taken, as prison officials are entitled to determine, in the interests of security, that metal objects of that nature should be excluded from the possession of prisoners. Very likely, the plaintiff did not serve a formal request for production of "tangible things," i.e., the chain and leg restraints, pursuant to Rule 34 for that reason. However, while the plaintiff is not entitled to possess the chain and restraints, he is entitled to have them brought to the trial for his use as demonstrative evidence. They are material to his case, and no legitimate reason has been advanced why they should not be produced *at trial* for that limited purpose.

Consequently, I will order the defendants to produce on the first day of trial and each day thereafter, until further order by Judge Kopf, a "come-along chain" and "leg restraints," similar to those worn by the plaintiff at the time of the incident which is the subject of this

case. Defendants' counsel shall inquire of Judge Kopf's courtroom deputy on the first day of trial where the objects may be stored during the trial.

### Witnesses

Of the plaintiff's witnesses listed in the Pretrial Order, the Clerk of Court, through the courtroom deputy for Judge Kopf, shall arrange for the appearance of the three prisoner witnesses, as well as the plaintiff, at the trial. At the pretrial conference, counsel for the defendants informed the court that, of the twelve correctional employees listed as witnesses by the plaintiff, nine will appear voluntarily at trial without trial subpoenas. Those nine persons remain employed by DCS. However, DCS no longer employs the following three listed witnesses: Bruce Trautwein, previously a maintenance worker at the Nebraska State Penitentiary ("NSP"); J. D. Hassenfelt, previously a nurse at the NSP; and Harold W. Clarke, previously the Director of DCS.

The court can issue trial subpoenas at the plaintiff's request for the three witnesses who are no longer employed by DCS. When subpoenas ad testificandum are issued by the court on behalf of a plaintiff who is proceeding in forma pauperis ("IFP"), the subpoenas are served by the U.S. Marshal at the expense of the United States. See 28 U.S.C. § 1915(d): "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

However, as to witnesses who are not prisoners, parties or witnesses listed by the defendants, witness fees are $40 per day. See 28 U.S.C. § 1821(b). Such witnesses must also be paid their actual travel expenses. 28 U.S.C. § 1821(c). Unlike the cost of serving a subpoena, the plaintiff must pay the witness and mileage fees himself, and those costs must be tendered to the witness with the subpoena. In a civil rights case, neither the United States nor the U.S. Marshal bears the cost of witness fees and expenses even when the plaintiff is proceeding IFP. United States Marshals Service v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984) (*en banc*).

The defendants have provided the plaintiff with the last known address of each of the three witnesses for whom a subpoena will have to be issued. Therefore, the plaintiff is requested to notify the court as soon as possible, but no later than **October 17, 2005**, if he intends to subpoena any of the three witnesses. If so, the court will arrange with the plaintiff's institution for advance payment by the plaintiff of the witness fees.

SO ORDERED.

DATED this 3rd day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

2