IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH ALBERT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3124 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| RAYMOND EDELMAN , et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Joseph Albert Taylor, a prisoner, has filed a Notice of Appeal (filing no. 98) from this court's Findings of Fact and Conclusions of Law (filing no. 96) and Judgment (filing no. 97) finding  for the defendants after trial on the merits of the plaintiff's claims.  In addition, the plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal (filing no. 99), a Request for Transcript and a Motion for Copy of the Trial Transcript (filing nos. 100 and 101).

Because the plaintiff has previously received leave to proceed IFP in the district court, and because this appeal is taken in good faith, the plaintiff may continue to proceed IFP on appeal pursuant to Fed. R. App. P. 24(a)(3),[1] subject to receipt of a certified copy of the plaintiff's inmate trust account information.   28 U.S.C. § 1915(b)(1) states how the initial appellate partial filing fee is calculated:   "[I]f a prisoner ... files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court

_____

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.    A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

In this case, the court has not received a certified copy of the plaintiff's trust account information for the past six (6) months. Fed. R. App. P. 24(a)(3) continues the plaintiff's IFP status, subject to receipt of that information. The Clerk of Court shall request the necessary statement from the appropriate officer for the plaintiff's institution.[2] . When the district court receives the certified copy of the inmate's trust account, the court shall:

> (a) calculate the initial partial appellate filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply.... [and]

> (b) notify the prison officials to pay the initial partial appellate filing fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2).

Leave to proceed IFP on appeal does not exempt the plaintiff from liability for payment of the full $255 appellate filing fees in installments regardless of the outcome of the appeal. In addition, by filing a notice of appeal, the plaintiff consents to the deduction of the filing fee from the plaintiff's inmate trust account.

After payment of the initial partial appellate filing fee, the remaining balance of the appellate filing fees will be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2), which states:

> (b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of

---

[2]If a certified copy of the trust account information is not received, the court will calculate an initial partial appellate fee of $35 or such other amount as is reasonable.

2

the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, the court has granted the plaintiff's motion to proceed IFP on appeal.  The court construes filing no. 100 as the plaintiff's effort to order a trial transcript from the court reporter pursuant to Fed. R. App. P. 10(b) and his motion to be relieved of the cost of the transcript.   Pursuant to this Memorandum and Order, the cost of preparation of the requested transcript shall be borne by the United States because the plaintiff is proceeding IFP on appeal.  The Clerk of Court shall send a copy of this Memorandum and Order to the appropriate court reporter, with directions to prepare a transcript for the plaintiff (appellant) and the Eighth Circuit Court of Appeals.  As soon as practicable, the Clerk of Court shall ensure that the plaintiff's copy of the transcript is forwarded to him, without cost to the plaintiff.

THEREFORE, IT IS ORDERED:

1.      That filing no. 99, the plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal, is provisionally granted pursuant to Fed. R. App. P. 24(a)(3), subject to receipt of the plaintiff's inmate  trust account information;

2.      That the Clerk of Court shall request the necessary trust account information from the financial officer for the plaintiff's institution;

3.      That upon receipt of the trust account information, the court will calculate the initial partial appellate filing fee and notify the plaintiff, the plaintiff's institution, and the Eighth Circuit Court of Appeals accordingly;

4.      That filing no. 100 is construed as the plaintiff's request to order a trial transcript from the court reporter pursuant to Fed. R. App. P. 10(b) and as a motion to have the expense of preparation of the transcript borne by the United States because the plaintiff is proceeding IFP on appeal; filing no. 100 is granted;

5.      That filing no. 101 is construed as a request for a copy of the trial transcript without cost because the plaintiff is proceeding IFP on appeal; filing no. 101 is granted, and the Clerk of Court shall send a copy of this Memorandum and Order to the appropriate

3

court reporter, with directions to prepare a transcript for the plaintiff (appellant) and the Eighth Circuit Court of Appeals; the Clerk of Court shall ensure that the plaintiff's copy of the transcript is forwarded to him as soon as practicable, without cost to the plaintiff.

March 9, 2006.                    BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

4